# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    )
    )
    )
v.    )    Case ID No.: 1305018893
    )
    )
KEVIN BOONE    )
    )
Defendant.    )

## ORDER

Submitted: February 9, 2023
Decided: May 8, 2023

**AND NOW TO WIT**, this 8th day of May 2023, upon consideration of Defendant Kevin Boone ("Defendant")'s Motion for Correction of Illegal Sentence,[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On December 12, 2013, Defendant was sentenced to Dealing in Child Pornography and three counts of Possession of Child Pornography. For the former, he was sentenced to fifteen years at Level V, suspended after three years for three years at Level III; and for the latter, as to each count, three years of Level V, suspended for two years at Level II.[2] Special conditions of his probation included

---

[1] *See* D.I. 59.
[2] D.I. 12.

no unsupervised contact with minors under age eighteen and no access to the Internet.[3]  On December 20, 2017, this Court determined he violated both conditions of his probation.[4]

2.    It was alleged that Defendant made contact with a fourteen-year old male via a personal ad posted on Craigslist, traveled out of state with the minor, and engaged in sexual activity with the boy in both Delaware and Pennsylvania in September and October of 2017.[5]  Accordingly, on the charge of Dealing in Child Pornography, Defendant was resentenced to the remaining twelve years of Level V, to be suspended upon successful completion of the Transitions Sex Offender Program, followed by two and a half years of transitioning levels of probation.[6]

3.    Defendant has since filed multiple motions challenging the December 2017 sentence, including a motion for correction of an illegal sentence under Rule 35(a).[7]  All requests have been denied.[8]

4.    Defendant again filed this motion under Rule 35(a).[9]  This time Defendant asserts that his violation of probation was "a technical violation that did not involve any new criminal charge or aggravating sentencing factors . . . ."[10]  He

---

[3] D.I. 12.
[4] D.I. 20.
[5] *See id.*
[6] *Id.*
[7] *See State v. Boone*, 2019 WL 7166784, at *1–2 (Del. Super. Dec. 23, 2019).
[8] *See id.*
[9] *See* D.I. 59.
[10] *Id.*

further asserts that his December 2017 sentence violated the SENTAC guidelines, and that he has completed the Transitions Sex Offender Treatment Program.[11]

5.     Rule 35(a) states that the Court "may correct an illegal sentence at any time."[12]  The rule is limited to situations where the sentence imposed exceeds statutorily-authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[13]

6.     Defendant does not allege any bases for relief under Rule 35(a).  This Court properly determined that Defendant breached the conditions of his probation. No aggravators under SENTAC were considered, nor needed, to impose his VOP sentence.  Given the nature of the violation, the sentence was appropriate. And although Defendant completed the Transitions Sex Offender Program on November 14, 2019, he remains incarcerated—and is serving a Level V sentence—on an unrelated matter.[14]  His sentence is not illegal.

7.     Defendant's Motion for Correction of Illegal Sentence is **DENIED**.

---

[11] D.I. 59.
[12] Del. Super. Ct. Crim. R. 35(a).
[13] *See Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citations omitted).  *See, e.g.*, *Ellerbe v. State*, 2017 WL 462144, at *1 (Del. Feb. 2, 2017) (quoting *Brittingham*, 705 A.2d at 578).
[14] E-mail from DOC (May 1, 2023, 1:41 p.m.) (providing that Defendant completed the Transitions Sex Offender Program and is currently serving his Level V sentence on a separate case 1803002540).

**IT IS SO ORDERED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Department of Justice
       Investigative Services
       Defendant